IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02663-RPM

Sharon Hunter,

                                Plaintiff,

v.

Farmers Insurance Group,

                                Defendant.

---

STIPULATED PROTECTIVE ORDER

---

      Plaintiff Sharon Hunter and Defendant Farmers Group, Inc., anticipate that discovery and trial will require production of documents and testimony that contain confidential and proprietary information, the unprotected disclosure of which might have a detrimental impact on the parties' legitimate business and personal interests. The parties are willing to disclose such confidential and proprietary information under suitable procedures designed to ensure their confidentiality.

      NOW, THEREFORE, it is hereby AGREED and ORDERED that:

      1.      Whenever a party or nonparty (a "Producing Party") discloses, or anticipates disclosing, documents or information that a party, in good faith, believes contains confidential and proprietary business or personnel information, trade secrets, or any other confidential or proprietary research, development, financial, or commercial information, that party (the "Designating Party") may designate it as either "Confidential" or "Highly Confidential,"

depending upon the degree of sensitivity of the information.

2. Documents, testimony, deposition transcripts and/or videotapes, answers to interrogatories and requests for admission, affidavits, declarations, and any other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation may be designated Confidential or Highly Confidential and subject to the provisions of this Protective Order. This includes writings and recordings ascribed as such under Federal Rule of Evidence 1001(a), including, without limitation, original writings, drawings, graphs, charts, photographs, recordings (by video or audio device), electronically-stored data, and any other compilation from which information can be obtained or translated, if necessary, by the party responding to any request for production through detection devices into a reasonably usable from, and any copies thereof.

3. By treating documents or other material as Confidential or Highly Confidential, no Party shall be deemed to have conceded that the designation is proper.

4. All documents and information produced and designated as Confidential or Highly Confidential shall be clearly stamped "Confidential" or "Highly Confidential" in a place or manner that is readily apparent and avoids any interference with the legibility of the material. Information or data that has not been reduced to written form may be designated as "Confidential" or "Highly Confidential" by informing counsel for the parties in writing.

5. Designation of Confidential or Highly Confidential information shall be made at or prior to the time of production of the documents or information. In the case of deposition testimony, a party claiming that information contained therein is Confidential or Highly Confidential shall advise all other counsel in writing of the specific pages of the deposition to be treated as Confidential or Highly Confidential within twenty (20) days following receipt of the

transcript of the deposition. A party may also designate certain portions of deposition testimony as Confidential or Highly Confidential during the deposition, as long as the designation is on the record. All depositions shall be treated as Highly Confidential for twenty (20) days after receipt of a full and complete transcript by that party's counsel, unless the parties otherwise agree in writing.

6. Confidential or Highly Confidential information shall not lose its Confidential or Highly Confidential character simply because the information is designated as an exhibit to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or in part, as Confidential or Highly Confidential.

7. Documents and information designated Confidential or Highly Confidential shall not be disclosed to any person or entity, or otherwise made public, except in compliance with the terms of this Protective Order, unless otherwise ordered by the Court or agreed to in writing by the parties. Documents or information designated as "Confidential" or "Highly Confidential" may be used solely for purposes of this litigation.

8. All material designated as "Confidential" shall not be disclosed, directly or indirectly, to any person other than:

    (a) The Court and necessary Court personnel;

    (b) The parties to this action, including their officers, directors and employees;

    (c) Counsel for the parties to this action, including counsel of record and their partners, associates, and employees, and in-house attorneys for any party to this action and employees of the in-house legal department of any party in this action;

    (d) Persons who are expressly retained by Counsel for any party to provide expert advice/testimony in connection with this litigation;

(e) Any person who is giving or who will give testimony in this action, except that such a person may only be shown copies of Confidential material during or in preparation for his or her testimony while in the presence of counsel, and may not copy or retain any Confidential material;

(f) Court reporters performing necessary duties in this action;

(g) Any person who authored or previously received the document or information before or after its designation as "Confidential" (excluding persons who may have received such information inadvertently); and,

(h) Any other person who is designated to receive Confidential information by:

(1) stipulation of the Designating Party; or

(2) order of the Court.

9. All material designated as "Highly Confidential" may be disclosed only to the persons listed in subsections (a), (c), (d),, (f), (g), and (h) of the preceding paragraph.

10. Prior to the disclosure of any Confidential or Highly Confidential information to any person or entity in accordance with Paragraphs 8 and 9 above, counsel shall advise said person that the Confidential or Highly Confidential material is being disclosed pursuant to this Protective Order and may not be disclosed other than pursuant to the terms of the Protective Order. All persons to whom Confidential or Highly Confidential information is disclosed pursuant to ¶8(d), (e) or (h), must sign the Confidentiality Acknowledgment in the form attached hereto as Exhibit A. The party disclosing any Confidential or Highly Confidential information shall maintain the original acknowledgment and produce it upon request by any party or the Court.

11. In the event that a party objects to the designation of any information such party may, in writing, request that the Designating Party remove the designation within twenty (20)

days of receipt of the designation. Such written request must specifically identify the document, information, or pages of deposition transcript at issue. The Designating Party shall respond within ten business days of receipt of the written request, or other time period agreed to in writing by the parties. If the Designating Party refuses to remove the designation, its written response shall state the reasons for this refusal. Notwithstanding the foregoing, failure to provide a timely written response shall be deemed a refusal of the request. If the Designating Party does not respond or otherwise refuses to remove the designation, the objecting party has ten business days from the date of refusal or lack of response, or other such time as the parties may agree, to file a motion for an order requiring the Designating Party to remove the designation. It shall be the burden of the Designating Party under such circumstances to establish that the information so designated is Confidential or Highly Confidential within the meaning of this order. In the event of such a motion, the material at issue may be submitted to the Court for *in camera* inspection. The material should be treated as Confidential or Highly Confidential until the dispute has been resolved.

12. Material designated as "Confidential" or "Highly Confidential" may be referred to in discovery, discovery responses, motions, briefs, or other papers filed with the Court and may be used in depositions, oral arguments or at trial in this action either as exhibits or as the basis for questions. The material designated as "Confidential" or "Highly Confidential" and any brief or other documents referring to or incorporating such shall be filed under seal in accordance with D.C.COLO.LcivR 7.1, 7.2 and 7.3. Documents filed under seal shall remain sealed until further order of the Court.

13. Should any documents, testimony, or information designated as Confidential or Highly Confidential be disclosed, inadvertently or otherwise, to any person or party not authorized

under this Order, then the party responsible for the disclosure shall use its best efforts to (1) promptly retrieve the disclosed documents, testimony or information from such unauthorized person or party; (2) promptly inform such person or party of all the provisions of this Order; (3) identify such person or party immediately to the producing party that designated the documents, testimony or information as Confidential or Highly Confidential; and (4) identify the Confidential or Highly Confidential information immediately to the producing party that designated the information as Confidential or Highly Confidential. Nothing in this Paragraph shall limit the right of the party that designated the information as Confidential or Highly Confidential to seek any appropriate sanction or remedy against the party that inadvertently or otherwise disclosed the Confidential information to a person or party not authorized by this Protective Order.

14. If information designated as "Confidential" or "Highly Confidential" in this action is called for in a subpoena or other process by someone who is not a party to this action, the party to whom the subpoena or other process is directed shall promptly give written notice thereof to the Designating Party and shall not produce the information until the earlier of five days after providing notice or the return date of the subpoena or other process.

15. This Protective Order shall survive the final termination of this action and shall remain in effect after the conclusion of this litigation. Within sixty (60) days of the final disposition of this action (including any appeals), and subject to further order of the Court or written stipulation of the parties, each party shall either (1) return all information designated as Confidential or Highly Confidential to the party that designated the information as Confidential or Highly Confidential; or (2) destroy all materials that have been designated as Confidential or Highly Confidential. This Paragraph shall not be construed to require the return or destruction of any Court papers or exhibits, deposition transcripts or exhibits, regularly maintained litigation

files or other attorney work product created for any party. Any material designated as "Confidential" or "Highly Confidential", or portions or excerpts thereof, which are not destroyed or returned pursuant to this Paragraph, shall remain subject to the terms of this Order.

16. The terms of this Order do not preclude, limit, restrict or otherwise apply to the use of documents at trial.

17. In the event that additional persons become parties to this action, they shall not have access to Confidential or Highly Confidential information produced by or obtained from any party until the newly joined party or their counsel confirms in writing to all other parties that they have read this Order and agree to be bound by its terms.

18. Nothing in this Order shall preclude either party from seeking from the Court for good cause shown, an order allowing enhanced protection for documents that either party believes require such enhanced protection.

19. This Order shall survive the final determination of this action and shall remain in full force and effect after conclusion of all proceedings, for a period of three years, to provide the Court with ancillary jurisdiction to enforce its terms.

20. The Court retains jurisdiction to make such amendments, modifications and additions to this Order as it may from time to time deem appropriate or may consider upon motion of any party.

IT IS SO STIPULATED:

DATED: May __, 2008.


s/John R. Olsen
John R. Olsen, Esq.
Olsen & Brown LLC
8362 Greenwood Drive
Niwot, Colorado 80503
(303) 652-1133
Attorneys for the Plaintiff



s/ Stephanie Ries
Thomas P. Johnson, Esq.
Stephanie A. Ries, Esq.
Davis Graham & Stubbs LLP
1550 Seventeenth St., Suite 500
Denver, CO 80202
(303) 892-9400
Attorneys for Defendants


IT IS SO ORDERED.

DATED: May 5th, 2008

s/Richard P. Matsch
_____
United States District Court Judge

**EXHIBIT A**

I, _____, have read the Protective Order in the action entitled *Sharon Hunter v. Farmers Insurance Group*, Civil Action No. 07-cv-02663-RPM, United States District Court, District of Colorado, and agree to be bound by its terms.

_____

Signature and date